IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ABRAHAM RAMEY #160238,        )
                              )
            Petitioner,       )
                              )
    v.                        )        CASE NO. 2:12-CV-21-WHA
                              )                [WO]
                              )
J. C. GILES, *et al.*,        )
                              )
            Respondents.      )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This cause of action is before the court on a first and second 28 U.S.C. § 2254

petition for habeas corpus relief filed by Abraham Ramey ["Ramey"], a state inmate, on

December 28, 2011.[1]  In this habeas action, Ramey challenges the life sentence imposed

for a first degree theft of property conviction entered against him by the Circuit Court of

Barbour County, Alabama pursuant to his guilty plea on February 21, 1996.[2]  Ramey did

not file a direct appeal of this conviction or sentence.  Consequently, the conviction and

---

[1] The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  The present petition indicates Ramey submitted the document for mailing on December 28, 2011.  *Petition for Writ of Habeas Corpus Relief - Doc. No. 1* at 10.  In light of the foregoing and for purposes of the proceedings herein, the court considers December 28, 2011 as the date of filing.

[2] In support of his petition, Ramey argues that the trial court improperly enhanced the sentence imposed for the 1996 theft of property conviction to life imprisonment under the Habitual Felony Offender Act.  On February 9, 2012, Ramey filed a supplement to the petitions in which he reiterates the basis on which he seeks relief.

concomitant sentence became final on April 3, 1996.

Pursuant to the orders of this court, the respondents filed a supplemental answer in which they argue that the instant petition for federal habeas relief is barred by the limitation period applicable to 28 U.S.C. § 2254 petitions, *see* 28 U.S.C. § 2244(d)(1),[3] as Ramey failed to file the petition within the one-year period of limitation mandated by federal law. Specifically, under governing case law, because Ramey's 1996 conviction for theft of property became final on April 3, 1996, a few weeks before the effective date of the AEDPA, the federal limitation period began to run on April 24, 1996. *Wilcox v. Fla. Dep't of Corr.*, 158 F.3d 1209, 1211 (11th Cir. 1998); *Goodman v. United States*, 151 F.3d 1335, 1337 (11th Cir. 1998). Consequently, federal law requires that Ramey must have filed his § 2254 petition on or before April 24, 1997, exclusive of the time that any properly filed state post-conviction petition related to the theft conviction remained pending in the state courts. The respondents acknowledge that Ramey filed state post-conviction petitions under Rule 32, *Alabama Rules of Criminal Procedure*, in June of 1997 and April of 2010 challenging his 1996 theft conviction and sentence.[4] However, the respondents maintain

---

[3]The Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA") added the limitation period and became effective on April 24, 1996.

[4]"Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So. 2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala. Crim. App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). The record indicates that Ramey submitted his Rule 32 petitions for mailing in June of 2007 and April of 2010.

that under governing case law these Rule 32 petitions failed to toll the applicable period

of limitation because Ramey did not file the petitions until after expiration of the limitation

period on April 24, 1997 and, therefore, the state petitions were not "pending" as required

by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the federal limitation

period. *Respondents' Supplemental Answer - Doc. No. 15* at 4; *Alexander v. Sec'y, Dep't

of Corr.*, 523 F.3d 1291, 1294 (11th Cir. 2008); *Webster v. Moore*, 199 F.3d 1256, 1259

(11th Cir. 2000), *cert. denied*, 531 U.S. 991 (2000) ("[E]ven 'properly filed' state-court

petitions must be 'pending' [during the one-year period of limitation] in order to toll the

limitations period.  A state court petition . . . that is filed following the expiration of the

limitations period cannot toll that period because there is no period remaining to be

tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed'

application for post-conviction relief tolls the statute of limitations, it does not reset or

restart the statute of limitations once the limitations period has expired.  In other words,

the tolling provision does not operate to revive the one-year limitations period if such

period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A]

properly filed petition in state court only tolls the time remaining within the federal

limitation period.").  The respondents further argue that there is no basis for equitable

tolling of the limitation period for the fourteen plus years necessary to render Ramey's

habeas petition timely filed.

3

After a thorough review of the record and the arguments presented by the respondents, the court determined that Ramey had failed to demonstrate a basis for either statutory or equitable tolling of the limitation period and, therefore, his federal habeas petition was filed over fourteen (14) years after expiration of the applicable one-year grace period. Based on the foregoing, the court entered an order advising Ramey he failed to file his habeas petition within the requisite one-year grace period directed by federal law. *Order of March 15, 2012 - Doc. No. 16*. This order also provided Ramey an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. *Id*. at 7. Ramey filed no response to this order.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court finds that no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes that the present habeas petition is due to be denied as Ramey failed to file the petition within the applicable period of limitation set forth by federal law. *Wilcox*, 158 F.3d at 1211; *Goodman*, 151 F.3d at 1337.

## II.  DISCUSSION

### A.  The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of

limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is

codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute directs that the limitation period for filing a 28 U.S.C. § 2254 petition

begins to run at the conclusion of direct review or upon expiration of the time for seeking

direct review, whichever is later. Where a petitioner preserves his right to file a petition

for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled

during the ninety-day period of time within which such action may be undertaken. *Coates*

*v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the

conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."); *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1236 (11th Cir. 2004) ("Section 2244(d)(1)(A) provides that the one-year limitations period in which a state prisoner has to file a writ for habeas corpus begins to run from 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time relevant to filing an application for certiorari expires. *Id*. However, the ninety-day period in which to seek certiorari from the United States Supreme Court does not count towards the one-year period of limitation only when a petitioner properly preserves his right to seek this relief.

The Circuit Court of Barbour County, Alabama convicted Ramey of first degree theft of property and sentenced him to life imprisonment as a habitual offender on February 21, 1996. Ramey did not file a direct appeal of this conviction and sentence. Since Ramey failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his conviction. By operation of law, Ramey's 1996 theft conviction and resulting life sentence became final on April 3, 1996 -- forty-two days after imposition of the challenged sentence as this is the date on which his time to seek direct

review expired.  Rule 4(b)(1), *Alabama Rules of Appellate Procedure* (notice of appeal must be filed within 42 days after pronouncement of sentence); *Hunter v. Ferrell*, 587 F.3d 1304, 1306 (11th Cir. 2009) (Petitioner "did not appeal his [Alabama] convictions, which became final [forty-two days after entry of his guilty plea and imposition of sentence], when the time for filing a direct appeal expired.").  If this court retroactively applied the AEDPA, the one-year limitation period contained in section 2244(d)(1)(A) would have begun to run on April 4, 1996,[5] and, absent tolling, expired on Ramey's theft conviction on April 4, 1997.  However, the Eleventh Circuit has held that "application of the one-year time bar in 28 U.S.C. § 2244(d) to petitions of prisoners, like [Ramey], whose convictions became final . . . prior to the effective date of the AEDPA . . . 'would be unfair, and impermissibly retroactive.'"  *Wilcox*, 158 F.3d at 1211 (quoting *Goodman*, 151 F.3d at 1337).  The Court further determined that prisoners in this position be allowed a year from the effective date of the AEDPA - until April 24, 1997 - to file their § 2254 petitions.  *Id*.

### B.  Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under

---

[5]This date is used because when computing the federal period of limitation under 2244(d)(1)(A) for a conviction final after the effective date of the AEDPA "the day of the event that triggers the period" is excluded.  Rule 6(a)(1)(A), *Federal Rules of Civil Procedure*.

this section."  Although Ramey filed  Rule 32 petitions in June of 1997 and April of 2010, these Rule 32 petitions had no affect on the running of the federal limitation period applicable to the instant habeas action because Ramey filed these petitions several years after the limitation period had expired and "even 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster*, 199 F.3d at 1259; *Moore*, 321 F.3d at1381  ("[A 'properly filed' application for post-conviction relief tolls the statute of limitations  [but] does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the [statutory] tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker*, 255 F.3d at 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  Thus, the state post-conviction petitions filed by Ramey did not toll the limitation period applicable to this federal habeas petition.

### C.  Equitable Tolling

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with

diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court*, 128 F.3d 1283, 1288 (9th Cir. 1997). Equitable tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002). The United States Supreme Court recently confirmed the AEDPA's one-year period of limitation "is subject to equitable tolling" but only when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Ramey presents no arguments relative to equitable tolling. Moreover, a thorough review of the record establishes that Ramey has not set forth the existence of any extraordinary circumstance which prevented him from filing a timely federal petition for

habeas corpus relief.  Additionally, Ramey presents nothing demonstrating he exercised diligence in pursuing his claims for relief in a § 2254 petition.  The record is therefore devoid of evidence that Ramey's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence.  *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).  Under the circumstances of this case, this court "cannot say that [Ramey] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.'  This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence."  *Drew*, 297 F.3d at 1291 n.5.  Thus, Ramey is not entitled to equitable tolling of the limitation period.

### D.  Expiration of the Limitation Period

Based on the foregoing, the court concludes that Ramey has failed to present any basis for either statutory or equitable tolling of the one-year grace period.  Ramey filed the instant petition for federal habeas corpus relief on December 28, 2011.  Under the undisputed facts of this case, the time allowed Ramey for filing a federal habeas petition expired on April 24, 1997.  The limitation period therefore lapsed over fourteen (14) years prior to Ramey filing this federal habeas action and Ramey has failed to demonstrate that his petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The petitions for habeas corpus relief filed by Abraham Ramey be denied as they were not filed within the period of limitation established by applicable federal law.

2.  This case be dismissed with prejudice.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **January 28, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions

of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 14th day of January, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE